# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20-cv-2396

RANDOLPH MOSSMAN, and
NADINE MOSSMAN,

     Plaintiffs,

v.

JAYCO, INC., an Indiana corporation, and
K&C RV CENTERS, LLC d/b/a Camping
World RV Sales, a Minnesota limited
liability company
     Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiffs, complaining of Defendants, allege the following:

## PARTIES

1. Plaintiffs Randolph and Nadine Mossman are residents of Weld County, Colorado with a mailing address of 19824 CR 41, Lasalle, CO 80645.

2. Defendant, JAYCO, INC. ("Jayco"), is a corporation incorporated within the state of Indiana its principal office address at P.O. Box 460/903 S. Main St., Middlebury, IN 46540. Jayco is registered with the Colorado Secretary of State to conduct business in the State of Colorado.

3. Defendant, K&C RV CENTERS, LLC d/b/a Camping World RV Sales ("Camping World"), is a limited liability company incorporated within the state of Minnesota with its principal office address at 250 Parkway Drive, Suite 270, Lincolnshire, IL 60069.

  Camping World is registered with the Colorado Secretary of State to conduct business in the State of Colorado.

## JURISDICTION

4. Jurisdiction is proper under 28 U.S.C. § 1331 as this Complaint alleges a question of Federal Law, specifically pertaining to 15 U.S.C. §§ 2301-2312 – Magnuson-Moss Warranty Act.

5. Venue is proper in this court under 28 U.S.C. § 1391 as Camping World is a resident of, and all events giving rise to the claims occurred in, the State of Colorado

## FACTUAL ALLEGATIONS

6. Jayco manufactures, assembles, and distributes new recreational vehicles that are sold in the state of Colorado, including the vehicle that is the subject of this action, a new Jayco 2018 Eagle 339FLQS FW, Vehicle Identification Number 1UJCJ0BUXJ1WH0141 (the "Vehicle").

7. Jayco sold or distributed the vehicle to Camping World, who is one of Jayco's authorized dealers located in Longmont, Colorado.

8. On or about August 31, 2018, Plaintiffs purchased the Vehicle from Camping World, located at 14504 East I25 Frontage Road in Longmont, Colorado for personal use for a total purchase price of $50,999.00 (including Tags, Title, and Admin Fee).

9. All actions and transactions in this Complaint took place in the State of Colorado.

10. Jayco sold the Vehicle to Plaintiff with a written 2-year limited warranty (the "Warranty")

11. Jayco is the warrantor under the Warranty.

12. Plaintiffs have serviced and maintained the Vehicle in accordance with the guidelines of the Vehicle's Owner's Manual, and used the Vehicle only for its intended purposes as described in the Vehicle's Owner's Manual.

13. Pursuant to the Warranty, Jayco promised to repair or replace free of charge any parts found defective in material or workmanship within 24-months from original delivery of the Vehicle.

14. Since the date of purchase, the Vehicle has suffered from numerous malfunctions due to defects in material or workmanship, the most dangerous of which is the Vehicle's bouncing and unsteadiness at speeds over forty (40) miles per hour.

15. The defects arose within the Warranty's warranty period following original delivery to Plaintiffs.

16. Specifically, Plaintiffs returned the Vehicle to Camping World, the authorized dealer and maintenance servicer, and the Vehicle was in their possession October 18, 2018 through March 12, 2019, March 15, 2019 through May 31, 2019, and October 2, 2019 through January 2020.

17. Camping World technician Matt Clark stated, "he [has] exhausted all resources in diagnosing and repairing your unit. [He has] reproduced the complaint that your unit 'bounces' while being towed. [He has] eliminated both tow vehicles you brought to my facility for inspection as a possible cause."

18. After Camping World was unable to correct the Vehicle's unsafe defect of bouncing and unsteadiness, Plaintiff allowed Jayco to attempt a final repair at the Jayco factory in Middlebury, Indiana, in January of 2020. Jayco denied the presence of a defect on the Vehicle and returned the Vehicle to the Plaintiffs on February 14, 2020.

19. The Vehicle has been out of Plaintiffs' possession and unable to be used for a total of six hundred and ninety-six (696) days since the purchase date of August 31, 2018.

20. Since discovering the defect, Plaintiffs provided notice to the Defendants and have continually discussed their dissatisfaction with the Vehicle and their desire for a repurchase or replacement vehicle, which have all been denied by the Defendants.

21. Plaintiff has allowed Defendant a reasonable period of time, at least six hundred and ninety-six (696) days since the date of purchase, to attempt to fix the defects.

22. Despite Defendants' multiple attempts to diagnose and repair the Vehicle, the same defects or nonconformities continue to exist.

23. The bouncing defect makes the Vehicle unsafe to operate at speeds over forty (40) miles per hour, which is a substantial part of the Vehicle's intended use.

24. The Vehicle's past and present defects and nonconformities substantially impair the Vehicle's value to the Plaintiffs.

**FIRST CLAIM FOR RELIEF**
**(Breach of Magnusson-Moss Warranty Act - Jayco)**

25. Paragraphs 1 through 24 of this Complaint are incorporated herein as if fully set forth.

26. Congress enacted the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. (the "Act") in 1975 in response to widespread complaints from consumers that many warranties were misleading and deceptive, and were not being honored. To remedy this problem of deception and failure to honor warranties, the Act imposes civil liability on any "warrantor" for, *inter alia*, failing to comply with any obligation under a written warrant or implied warranty. See 15 U.S.C. § 2310(d)(1). The Act authorizes a "suit for damages and other legal and equitable relief." *Id*.

27. Jayco is a "warrantor" within the meaning of § 2301(5) of the Act.

4

28. The Warranty is a "written warranty" within the meaning of § 2301(6) of the Act.

29. Plaintiff is a "consumer" within the meaning of § 2301(3) of the Act.

30. The Vehicles is a "consumer product" within the meaning of § 2301(1) of the Act.

31. Plaintiffs timely notified Jayco of the Vehicle's defects.

32. Jayco had an adequate opportunity to remedy the Vehicle's defects but failed to do so.

33. Jayco breached the Warranty by failing to remedy the aforementioned defects within a reasonable time.

34. Jayco impliedly warranted the Vehicle as being merchantable under § 2301(7) of the Act and the Colorado Uniform Commercial Code (the "Code"), C.R.S. § 4-2-315.

35. By failing to remedy the aforementioned defects within a reasonable time, Jayco breached its implied warranty of merchantability under both § 2301(7) of the Act, pursuant to § 4-2-315 of the Code.

36. As a direct and proximate cause of Jayco's breach of the Warranty and their implied warranty, Plaintiffs have suffered damages.

37. Plaintiffs are entitled to an award of attorneys' fees under § 2310(d)(2) of the Act.

## SECOND CLAIM FOR RELIEF
### (Breach of Magnusson-Moss Warranty Act – Camping World)

38. Paragraphs 1 through 37 of this Complaint are incorporated herein as if fully set forth.

39. The Act imposes civil liability on any "warrantor" for, *inter alia*, failing to comply with any obligation under an implied warranty arising under state law. See § 2310(d)(1). The Act authorizes a "suit for damages and other legal and equitable relief." *Id*.

40. Camping World is a "warrantor" within the meaning of § 2301(5) of the Act.

41. Plaintiff is a "consumer" within the meaning of § 2301(3) of the Act.

42. The Vehicles is a "consumer product" within the meaning of § 2301(1) of the Act.

43. Camping World impliedly warranted the Vehicle as being merchantable under § 2301(7) of the Act, pursuant to § 4-2-315 of the Code.

44. Plaintiffs timely notified Camping World of the Vehicle's defects.

45. Representatives of Camping World have acknowledged that the Vehicle is defective.

46. Camping World had an adequate opportunity to remedy the Vehicle's defects but failed to do so.

47. By failing to remedy the aforementioned defects within a reasonable time, Camping World breached its implied warranty of merchantability under both § 2301(7) of the Act and § 4-2-315 of the Code.

48. As a direct and proximate cause of Camping World's breach of their implied warranty, Plaintiffs have suffered damages.

49. Plaintiffs are entitled to an award of attorneys' fees under § 2310(d)(2) of the Act.

## THIRD CLAIM FOR RELIEF
### (Breach of Implied Warranty of Merchantability)

50. Paragraphs 1 through 49 of this Complaint are incorporated herein as if fully set forth.

51. Under § 4-2-104(1) of the Code, the Defendants are "Merchants" with respect to recreational vehicles. The Vehicle is a "good" within the meaning of § 4-2-105(1) of the Code. The Defendants are "sellers" and the Plaintiffs are "buyers" within the meaning of § 4-2-103(1) of the Code.

52. Pursuant to § 4-2-314 of the Code, the Vehicle was sold with an implied warranty that the Vehicle was merchantable and fit for the ordinary purpose for which recreational vehicles are used by operation of law as part of the sale.

53. The Vehicle was brand new at the time of sale.

54. Defendants breached their implied warranty of merchantability in that the Vehicle was unsafe to operate at speeds over forty (40) miles per hour and, thus, was not in merchantable condition when sold or at any time thereafter because it was not fit for the ordinary purposes for which such goods are used, and will not pass without objection in the trade.

55. Plaintiffs notified Defendants of the Vehicle's defects within a reasonable period of time after discovery of the same, and the Defendants failed to remedy the Vehicle's defects.

56. The Defendants' breach of their implied warranty of merchantability has damaged the Plaintiffs.

### FOURTH CLAIM FOR RELIEF
**(Breach of Implied Warranty – Fitness for a Particular Purpose)**

57. Paragraphs 1 through 56 of this Complaint are incorporated herein as if fully set forth.

58. Under § 4-2-104(1) of the Code, the Defendants are "Merchants" with respect to recreational vehicles. The Vehicle is a "good" within the meaning of § 4-2-105(1) of the Code. The Defendants are "sellers" and the Plaintiffs are "buyers" within the meaning of § 4-2-103(1) of the Code.

59. Pursuant to § 4-2-315 of the Code, that the Vehicle was sold with an implied warranty that it is fit for the particular purpose of traveling on the highway at speeds greater than forty (40) miles per hour.

60. The Defendants knew, at the time of sale, that the Vehicle going to be used for, among other things, travel on the highway at speeds over forty (40) miles per hour.

61. The Defendants knew that Plaintiffs were relying on the Defendants' skill and judgment that the Vehicle was suitable for such purpose.

7

62. The Vehicle's defects rendered the Vehicle unsafe and, therefore, not fit for the particular purpose for which the Vehicle was intended to be used.

63. Plaintiffs notified Defendants of the Vehicle's defects within a reasonable period of time after discovery of the Vehicle's defects, and the Defendants failed to remedy the Vehicle's defects.

64. The Defendants' breach of their implied warranty of merchantability has damaged the Plaintiffs.

**FIFTH CLAIM FOR RELIEF**
**(Breach of Express Warranty - Jayco)**

65. Paragraphs 1 through 64 of this Complaint are incorporated herein as if fully set forth.

66. Jayco sold the Vehicle in Longmont, Colorado, to Camping World, who is an authorized dealer for Jayco.

67. Pursuant to § 4-2-313 of the Code, Jayco expressly warranted the Vehicle for its intended purpose of recreational travel and camping for two (2) years.

68. Jayco's Warranty and description of the Vehicle formed the basis of the bargain which induced Plaintiffs into purchasing the Vehicle.

69. Plaintiffs are people who are reasonably expected to use the Vehicle and be affected by its defects.

70. The Vehicle did not, and does not, comply with the express warranty guaranteed by Jayco's Warranty.

71. Plaintiffs notified Jayco of the Vehicle's defects within a reasonable period of time after discovery of the same, and Jayco failed to remedy the Vehicle's defects.

72. Plaintiffs have suffered economic, incidental and consequential damages as a result of Jayco's breach of the Warranty.

## SIXTH CLAIM FOR RELIEF
### (Breach of Express Warranty – Camping World)

73. Paragraphs 1 through 72 of this Complaint are incorporated herein as if fully set forth.

74. Camping World sold the Vehicle in Longmont, Colorado, to the Plaintiffs.

75. Camping World described and affirmed that the Vehicle was fit for its intended purpose of recreational travel and camping creating an express warranty by operation of law under § 4-2-313 of the Code.

76. Camping World's description and affirmation of the Vehicle formed the basis of the bargain which induced Plaintiffs into purchasing the Vehicle.

77. Plaintiffs are people who are reasonably expected to use the Vehicle and be affected by its defects.

78. The Vehicle did not, and does not, comply with the express warranty guaranteed by Camping World.

79. Plaintiffs notified Camping World of the Vehicle's defects within a reasonable period of time after discovery of the same, and Camping World failed to remedy the Vehicle's defects.

80. Plaintiffs have suffered economic, incidental and consequential damages as a result of Camping World's breach of its express warranty under § 4-2-313 of the Code.

## SEVENTH CLAIM FOR RELIEF
### (Breach of Contract - Jayco)

81. Paragraphs 1 through 80 of this Complaint are incorporated herein as if fully set forth.

82. The Warranty constitutes a binding contract between Jayco and the Plaintiffs.

83. Jayco has failed to perform its obligations under the Warranty.

9

84. As a result of Jayco's failure to perform under the Warranty, the Plaintiffs have suffered damages for the purchase price of the Vehicle and associated maintenance fees, together with incidental and consequential damages in an amount to be proven at trial.

### EIGTH CLAIM FOR RELIEF
**(Unjust Enrichment – Camping World)**

85. Paragraphs 1 through 84 of this Complaint are incorporated herein as if fully set forth.

86. The Plaintiffs paid Camping World a substantial amount of money for the Vehicle.

87. Despite Camping World's claim that the Vehicle was new and safe to operate, the Vehicle suffered from series of defects and was unsafe to operate on the highway as advertised.

88. It would be unjust to allow Camping World to retain the value and benefits of the monies paid to it for the Vehicle without requiring them to provide a functional vehicle fit for the purpose for which it was advertised. Accordingly, the Plaintiffs are entitled to recover damages against Camping World.

### NINTH CLAIM FOR RELIEF
**(Unjust Enrichment – Jayco)**

89. Paragraphs 1 through 88 of this Complaint are incorporated herein as if fully set forth.

90. The Plaintiffs paid Jayco a substantial amount of money for the Warranty.

91. Despite Jayco's obligations under the Warranty, the Vehicle's defects have never been remedied and the Vehicle remains unsafe to operate on the highway.

92. It would be unjust to allow Jayco to retain the value and benefits of the monies paid to it for the Vehicle without requiring them to remedy or replace the Vehicle. Accordingly, the Plaintiffs are entitled to recover damages against Jayco.

### TENTH CLAIM FOR RELIEF
**(Promissory Estoppel – Camping World)**

93. Paragraphs 1 through 92 of this Complaint are incorporated herein as if fully set forth.

94. Camping World promised the Plaintiffs a functional recreational vehicle fit for travel on a highway.

95. Camping World should reasonably have expected that such promise would induce the Plaintiffs into purchasing the Vehicle.

96. Plaintiffs relied upon Camping World's promise when purchasing the Vehicle.

97. The Vehicle does not operate as promised by Camping World.

98. Plaintiffs have suffered damages due to Camping World's promise.

**ELEVENTH CLAIM FOR RELIEF**
**(Promissory Estoppel – Jayco)**

99. Paragraphs 1 through 98 of this Complaint are incorporated herein as if fully set forth.

100. Jayco made a promise to the Plaintiffs that the Vehicle would function for its intended purpose of recreational travel and camping.

101. Jayco also promised the Plaintiffs that Jayco would warrant the Vehicle's use for its intended purpose and repair or replace defective materials and workmanship.

102. Jayco should reasonably have expected that such promise would induce the Plaintiffs into purchasing the Vehicle.

103. Plaintiffs relied upon Jayco's promise when purchasing the Vehicle.

104. The Vehicle does not operate as promised by Jayco.

105. Jayco has failed to repair or replace the defective materials and/or workmanship that render the Vehicle unsafe to operate as intended.

106. Plaintiffs have suffered damages due to Jayco's promise.

**TWELFTH CLAIM FOR RELIEF**
**(Violations of the Colorado Consumer Protection Act, C.R.S. § 6-1-101, *et seq*. ("CCPA") - Jayco)**

107. Paragraphs 1 through 98 of this Complaint are incorporated herein as if fully set forth.

108. Under Colorado law, a person engaged in a deceptive trade practice when in the course of the person's business, vocation, or occupation, the person:

   a. Represents that good, …., or property are of a particular standard, quality, or grade, …, if he knows or should know that they are of another;

   b. Advertises goods, …, or property with intent not to sell them as advertised.

   See C.R.S. § 6-1-105(1)(g) and (i).

109. Jayco is engaged in advertising and selling hundreds of new recreational vehicles to hundreds of customers in Colorado every year, and is expected to continue to do so.

110. Most of Jayco's customers are unsophisticated and rely upon Jayco's knowledge and representations regarding the condition of their recreational vehicles, their express and implied warranties, including representations made in advertising, guides, and representations made by authorized dealers.

111. Reviews of Jayco's performances under both implied and express warranties, as shown in **Exhibit 1**, demonstrates that Jayco has violated and/or refused to honor, as the case may be, its implied and express warranties for its products numerous times to many different consumers.

112. Through the aforementioned conduct Jayco knowingly and willfully engaged, and continues to engage, in bad faith conduct.

113. Upon information and belief, Jayco has engaged in similar unlawful conduct with other customers, such that the requisite public impact requirement of a CCPA claim is satisfied.

114. As a direct and proximate result of Jayco's deceptive trade practices, Plaintiffs have been damaged and will continue to suffer damages in an amount to be proven at trial.

115.    Pursuant to C.R.S. § 6-1-113(2), Plaintiffs are entitled to recover treble damages and attorney fees.

**WHEREFORE**, Plaintiffs Randolph and Nadine Mossman pray for entry of judgment against Defendants JAYCO, INC., an Indiana corporation, and K&C RV CENTERS, LLC d/b/a Camping World RV Sales, a Minnesota limited liability company, as follows:

A.    On the first and second causes of action, judgment in favor of Plaintiffs; an award of damages, plus pre- and post-judgment interest, in an amount sufficient to compensate Plaintiffs for the Defendants' failure to properly warrant and remedy the Vehicle under the Magnusson-Moss Warranty Act and the Colorado Uniform Commercial Code along with Plaintiffs' loss of use of the vehicle at $135.00 dollars per day; and attorney fees and costs, as provided for in the Magnusson-Moss Warranty Act, in an amount to be proven at trial, which amount is not less than $144,959.00;

B.    On the third, fourth, fifth and sixth causes of action, judgment in favor of Plaintiffs; an award of damages, plus pre- and post-judgment interest, in an amount sufficient to compensate Plaintiffs for the Defendants' failure to properly warrant and remedy the Vehicle under the Magnusson-Moss Warranty Act and the Colorado Uniform Commercial Code, in an amount to be proven at trial, which amount is not less than $50,999.00;

C.    On the seventh cause of action, judgment in favor of Plaintiffs; an award of damages in an amount sufficient to compensate Plaintiffs for Jayco's breach of contract, including pre- and post- judgment interest, in an amount to be proven at trial;

D.    On the eighth, ninth, tenth and eleventh causes of action, judgment in favor of Plaintiffs; an award of damages in an amount sufficient to compensate Plaintiffs for the

Defendants' unjust enrichment and promissory estoppel, including pre- and post-judgment interest, in an amount to be proven at arbitration, which amount is not less than $50,999.00;

E. On the twelfth cause of action, judgment in favor of Plaintiffs; an award of damages in an amount sufficient to compensate Plaintiffs for Jayco's deceptive trade practices under the Colorado Consumer Protection Act, including pre- and post-judgment interest, attorney fees and costs as provided for in the Colorado Consumer Protection Act, in an amount not less than $50,999.00;

F. Costs and disbursements; and

G. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury for all claims so triable.


Dated: 8/11/2020


*/s/ Andrew Pipes*
By: Andrew Pipes #53233
Coan, Payton & Payne, LLC
103 W. Mountain Ave., Suite 200
Fort Collins, CO 80524
Telephone: 970-225-6700
Fax: 970-232-9927
Email: apipes@cp2law.com
Attorney for Plaintiffs